UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                              :

IN RE:                                :  CASE NO.: 22-71752-las
                                              :
                                              :  CHAPTER: 7
Ronald Greenberg,                    :
                                              :  HON. JUDGE.:
                                              :  Louis A. Scarcella
Debtor.                                 :
                                              :  HEARING DATE:
                                              :  To Be Determined By the Court
                                              :
-------------------------------------------------------------------X

**AFFIRMATION IN SUPPORT OF ORDER TO SHOW CAUSE
FOR HEARING ON SHORTENED TIME ON
MOTION FOR IN REM RELIEF FROM AUTOMATIC STAY**

      Richard Postiglione, Esq., an attorney at law duly admitted to practice before the

Courts of the State of New York and the U.S. Bankruptcy Court for the Eastern District

of New York, hereby affirms the following to be true under penalty of perjury:

      1. SN Servicing Corporation as servicer for U.S. Bank Trust National Association as

Trustee of the Chalet Series IV Trust, the undersigned shall move this Court for an Order: (i)

pursuant to 11 U.S.C. § 362(d)(4), for in rem relief from the automatic stay with respect to the

real property known as 86 Sugar Maple Drive, Roslyn, NY 11576; (ii) pursuant to 11 U.S.C §§

362(d)(1)-(2), for relief from the automatic stay for cause; (iii) pursuant to F.R.B.P. 4001(a)(3),

granting waiver of the 14 day stay; (iv) for reasonable attorney's fees and costs; and (vi) for such

other and further relief as is just and proper.

      2. Pursuant to L.B.R. 9077-1 and F.R.B.P. 9006, Movant respectfully requests that

the attached motion be heard on shortened time, and an Order to Show Cause be entered scheduling a hearing setting said shortened time, due to the instant case's possible forthcoming dismissal for 11 U.S.C § 521(i) deficiencies.

3.   As the attached motion sets forth in detail, Movant's valid state court foreclosure has been severely delayed by seven (7) total bankruptcy filings affecting the Property.

4.   As of August 15, 2022, the seventh and instant bankruptcy petition has become subject to automatic dismissal, pursuant to 11 U.S.C. § 521(i), due to the unaddressed deficiency notice filed on July 14, 2022 (ECF Doc. No. 4) and the missed July 28, 2022 deficiency deadline.

5.   Movant respectfully requests that the instant case be administratively held open so that the instant Motion may be heard, and to prevent further foreclosure delay.

6.   Movant respectfully requests an Order to Show Cause scheduling a hearing on the attached motion, on shortened time.

7.   Shortened time is also necessary because the instant bankruptcy case currently has significant 11 U.S.C. § 521(i) deficiencies, which have not been remedied. As such, if Movant proceeds by regular noticed motion, the instant bankruptcy case may be dismissed before the attached motion can be decided.

8.   Movant is mindful of the Debtor's pro se status. However, given that the instant bankruptcy case is this Debtor's fourth case, and the seventh case involving the Property, Movant respectfully submits that the individuals associated with the Property likely have sufficient familiarity with this Court to navigate a properly noticed Order to Show Cause. (Movant shall notice same in accordance with any Court instructions.)

9.   Movant respectfully requests that this Court order service to be made on the Debtor, Trustee, and U.S. Trustee.

10. Movant has not made a previous application for similar shortened time, or other similar relief.

WHEREFORE, Movant respectfully requests that this Court enter an Order to Show Cause scheduling a hearing on the attached Motion on shortened time, together with such other and further relief as may be just and proper.

Dated: August 29, 2022
       Garden City, New York

By: /s/
Richard Postiglione, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Movant
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
T: (212) 471-5100
F: (212) 471-5150

TO:

Ronald Greenberg
86 Sugar Maple Dr
Roslyn, NY 11576
*Pro-se Debtor*

Marshall P. Greenberg
86 Sugar Maple Dr
Roslyn, NY 11576
*Occupant as heir to the Borrowers*

Susan G. Zuckerman
86 Sugar Maple Dr
Roslyn, NY 11576
*Occupant as heir to the Borrowers*

Richard L Stern
Richard L. Stern Law, PLLC
38 New Street
Huntington, NY 11743
*Trustee*

United States Trustee
Long Island Federal Courthouse
560 Federal Plaza - Room 560
Central Islip, NY 11722-4437
**_U.S. Trustee_**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
                                            :
  IN RE:                                    :  CASE NO.: 22-71572-las
                                            :
                                            :  CHAPTER: 7
  Ronald Greenberg,                         :
                                            :  HON. JUDGE.:
                                            :  Louis A. Scarcella
  Debtor.                                   :
                                            :  HEARING DATE:
                                            :  To Be Determined By the Court
                                            :
-----------------------------------------------------------------X

## MOTION FOR IN-REM RELIEF FROM THE
## AUTOMATIC STAY REGARDING REAL PROPERTY

Richard Postiglione, an attorney at law duly admitted to practice before the Courts of the State of New York and the U.S. District for the Eastern District of New York, hereby affirms the following to be true under penalty of perjury:

SN Servicing Corporation as servicer for U.S. Bank Trust National Association as Trustee of the Chalet Series IV Trust ("Movant") hereby moves this Court for an Order: (i) pursuant to 11 U.S.C. § 362(d)(4), for in rem relief from the automatic stay with respect to the real property known as 86 Sugar Maple Drive, Roslyn, NY 11576 (County: Nassau; Section: 0009; Block: 00645-00; Lot: 00002, (the "Property"), (ii) pursuant to 11 U.S.C §§ 362(d)(1)-(2), for relief from the automatic stay for cause; (iii) pursuant to F.R.B.P. 4001(a)(3), granting waiver of the 14 day stay; (iv) for reasonable attorney's fees and costs; and (v) for such other and further relief as is just and proper.

In support of this Motion, Movant respectfully states:

## BACKGROUND

1.     Movant is a secured creditor of the concerned premises pursuant to a Note executed by Sol Greenberg (the "Co-Borrower") and Marilyn Greenberg (the "Co-Borrower") on March 4, 2002, whereby they promised to repay $300,000.00 plus interest to Washington Mutual Bank, FA (the "Note"). To secure the repayment of the Note, the Co-Borrowers executed a Mortgage in favor of Washington Mutual Bank, FA, a federal association, which was recorded on April 17, 2002 in the Nassau County Clerk's Office under Liber number 22215 ranging from pages 839 to 864 (the "Mortgage") encumbering real property located at 86 Sugar Maple Drive, Roslyn, NY 11576 (the "Property"). The Co-Borrowers entered into a Loan Modification Agreement (the "Loan Modification Agreement") effective January 1, 2008 which created a new principal balance in the amount of $333,272.55**.** The Note and Mortgage were ultimately assigned to Movant by an assignment of mortgage recorded on August 12, 2019 (the "Assignment of Mortgage").   A copy of the Note, Mortgage, Loan Modification Agreement, and Assignments of Mortgage are attached hereto as **Exhibit A**.

2.     As the Co-Borrowers became delinquent under the terms of the Loan, prior to any of the bankruptcy filings, a foreclosure action was commenced in the Supreme Court of the State of New York, County of Suffolk under index number 9188/08. Subsequently, a Judgment of Foreclosure and Sale (the "JFS") was entered on March 27, 2017. A copy of the entered JFS is annexed hereto as **Exhibit B.**

3.     For clarification purposes, your Affirmant respectfully takes this opportunity to advise this Court that the Plaintiff on the JFS is in the name of Washington Mutual Bank f/k/a Washington Mutual Bank FA, which was amended to Federal National Mortgage Association, Movant's predecessor-in-interest. The Loan was transferred to Movant after commencement of the foreclosure action, and NY CPLR Section 1018 allows the Plaintiff to remain unchanged

"…upon any transfer of interest, the action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action." Thus, the foreclosure properly continued in the name of Federal National Mortgage Association, Movant's predecessor-in-interest.

4.      Upon information and belief, the borrowers, Sol Greenberg and Marilyn Greenberg are now deceased.

5.      Prior to the entry of the JFS, the Occupant, Marshall Greenberg filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code, Case No. 13-11093-mkv on April 9, 2013 in the Southern District of New York (Manhattan Division). The following day, on April 10, 2013, the Debtor, Ronald Greenberg also filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code, Case No. 13-11115-mkv in the Southern District of New York (Manhattan Division). As both matters ran concurrently, the Occupant and the Debtor both received discharges on July 12, 2016 and both matters terminated on the same day.

6.      At the time of the entry of the JFS, the loan was being serviced by Federal National Mortgage Association (the "Prior Servicer"). Following the entry of the JFS, the Occupant, Marshall P. Greenberg, filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code under case 17-74088-las, pro se, thus staying the foreclosure action (the "first post-JFS Case"). As the Occupant failed to file the required statements and schedules, or a Chapter 13 Plan, the first post-JFS case was automatically dismissed pursuant to 11 U.S.C. § 521(i)(1), by Order entered on August 21, 2017.

7.      On April 9, 2018, the Debtor filed a Chapter 13 instant bankruptcy case filing under Case No. 18- 72337-las of the Bankruptcy Code, pro se, thus prohibiting the scheduling of a foreclosure sale (the "second post-JFS case"). As with the first post-JFS case, the Debtor failed

to file a chapter 13 plan or all of the required Schedules and Statements. The second post-JFS case was dismissed by Court on an Order entered on May 15, 2018, Administrative Order No.653 Dismiss (ECF Doc. No. 20) for the Debtor's failure to provide acceptable photo identification.

8.    Following the dismissal of the second post-JFS Case, the prior servicer scheduled a foreclosure sale for September 25, 2018. On September 24, 2018, the "eve of sale", the Debtor filed another voluntary petition under Chapter 13 of the Bankruptcy Code under Case No. 18-76403-las, pro se, thus canceling the sale (the "third post-JFS case"). As with the prior two matters, the Debtor did not file a Chapter 13 plan nor did he file the required statements and schedules. The third post-JFS case was dismissed by Court by an Order entered on October 23, 2018, Administrative Order No.653 Dismiss (ECF Doc. No. 16) for the Debtor's failure to provide acceptable photo identification

9.    After the dismissal of the third post-JFS case, the prior servicer scheduled a Foreclosure Sale for January 29, 2019. However on, the "eve of sale", the occupant, Marshall Greenberg filed an instant bankruptcy case filing under Chapter 7 of the Bankruptcy Code, pro se, Case No. 19-70683-las on January 28, 2019, thus cancelling the foreclosure sale (the "fourth post-JFS case"). As the occupant failed to file the required schedules and statements, the case was automatically dismissed pursuant to 11 U.S.C. § 521(i)(1), by Order entered on March 15, 2019 (ECF. Doc. No. 22).

10.   Following the dismissal of the fourth post-JFS case, the Prior Servicer scheduled a foreclosure sale for July 9, 2019. However, on July 3, 2019, prior to the scheduled sale, the occupant, Marshall P. Greenberg, filed a bankruptcy case filing under Chapter 13 of the Bankruptcy Code under Case No. 19-74783 (the "fifth post-JFS case"), pro se, thus canceling the

sale. As the occupant again, failed to file the required schedules and statements, the case was automatically dismissed pursuant to 11 U.S.C. § 521(i)(1), by Order entered on August 19, 2019 (ECF. Doc. No. 25).

11    Following the dismissal of the fifth post-JFS case, a foreclosure sale was scheduled for February 4, 2020.  However, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code under Case No. 20-70721-las, in pro se, on the "eve of sale", February 3, 2020, thus forcing the cancellation of another foreclosure sale (the "sixth post-jfs"). Prior to this matter , the loan was servicer transferred to the Movant. The Movant filed a Motion for Relief from the Automatic Stay (the "MFR") on February 18, 2020. However, as the Debtor again failed to file the required statements and schedules, this case was automatically dismissed pursuant to 11 U.S.C § 521(i)(1) by Order entered on March 20, 2020 (ECF Doc. No. 18), and the MFR was not ruled upon.

12.    After the dismissal of the sixth post-JFS case, the Movant was then prohibited from scheduling any new foreclosure sales, due to New York State Foreclosure Moratorium during the Covid-19 Pandemic.

13.    On February 24, 2022, the Movant received permission in the form of entered Order in the Supreme Court of the State of New York, Post-Foreclosure Settlement Conference Mediation Part to proceed with scheduling a new foreclosure sale for July 14, 2022.

14.    On the morning of the scheduled sale the Debtor filed the seventh-post JFS and current bankruptcy filing under Chapter 13 of the Bankruptcy Code, Case No. 22-71752-las, thus cancelling this most recent sale (the "seventh-post JFS case").

15.    As with the prior six (6) filings, the Debtor's filing is deficient without the filing of all the required statements and schedules and risks dismissal pursuant to 11 U.S.C. § 521.

16.     There have been a total of seven (7) bankruptcies filed by this Debtor and the Occupant, Marshall P. Greenberg, and the scheduled foreclosure sales have been repeatedly cancelled due to these last-minute filings. These repeat filings by the same Debtor and Occupant when coupled with the repeating deficiencies and failing to make plan payments, give rise to the inference that the repeat filings are a scheme to hinder, delay, or defraud Movant in exercising its state law rights. Accordingly, Movant now seeks an Order pursuant to 11 U.S.C. § 362(d)(4), vacating the automatic stay and granting in rem relief from stay with respect to the property. Copies of the PACER dockets are annexed hereto as **Exhibit C.**

17.     Copies of the Notices of Sale for the aforementioned, scheduled foreclosure sales are annexed hereto as **Exhibit D**.

## CREDITOR IS ENTITLED TO IN REM <br> RELIEF PURSUANT TO 11 U.S.C. § 362(d)(4)

18.     Pursuant to 11 U.S.C. § 362(d)(4), courts are empowered to grant in rem relief from a stay affecting a creditor's property, such that any and all future filings by any party with a claimed interest in the property will not operate as an automatic stay for a period of two years. *See, e.g., In re Wilke*, 429 B.R. 916, 922 (Bankr. N.D. Ill. 2010); *In re Blair*, 2009 WL 5203738, \*4 (Bankr. E.D.N.Y. 2009); *In re Montalvo*, 416 B.R. 381, 387 (Bankr. E.D.N.Y. 2009).

19.     Because the stay attaches to the property, rather than to the filing parties, "in rem relief is a particularly effective method to combat tag-team serial filers who seek to prevent foreclosures." *In re Selinsky*, 365 B.R. 260, 264 (Bankr. S.D.Fla. 2007); *see In re Roeben*, 294 B.R. 840, 846 (Bankr. E.D.Ark. 2003); *In re Graham*, 1998 WL 473051, \*2 (Bankr. E.D.Penn. 1998).

20.     To obtain in rem relief, a creditor must provide evidence that: (i) a debtor or a group of debtors has made prior bankruptcy filings as part of a scheme; (ii) the object of which was to delay, hinder, or defraud creditors; and (iii) which involves either the transfer of some interest in the real property without the secured creditor's consent or court approval or multiple bankruptcy filings affecting the property. *See In re First Yorkshire Holdings, Inc.*, 470 B.R. 864, 870-71 (7th Cir. BAP 2012). Further, it is well-settled that the mere timing and filing of multiple prior bankruptcy cases by related debtors permits the inference of a scheme to hinder, delay, and defraud a creditor. *See, e.g., Blair*, 2009 WL 5203738 at *4, *citing Montalvo*, 416 B.R. at 38

21.     Analyzing a similar set of circumstances, the Court in *Blair* (*id*. at *4-5) granted in rem relief and found that:

> Here, Debtors have neither filed nor confirmed a chapter 13 plan. None of their chapter 13 cases were prosecuted to any meaningful extent. The timing and sequence of the filings is also significant. Each was filed on the eve of or shortly before significant events affecting the Property. The uncontroverted record of the filings and lack of any good faith prosecution of each of Debtors' prior cases allows this Court to draw a permissible inference and find that the instant petitions were part of a scheme of Debtor to hinder, delay, and defraud [creditor] BAC.
>
> Therefore, this Court will enter an Order such that any future bankruptcy filings by either of the Debtors, or any other person having an interest in the Property, will not operate as a stay of any action against the Property for a period of two years after the date of the entry of the orders hereon.

22.     There has not been a meaningful attempt to propose a feasible plan in any of the prior bankruptcy cases. The frequent and last-minute filings demonstrate a clear pattern of delay designed to frustrate resolution of the underlying foreclosure. The instant petition is nothing more than a stall tactic to delay, hinder, and frustrate Movant in exercising its foreclosure rights.

23.     Accordingly, Movant is irrefutably entitled to in rem relief from any further bankruptcy filings with respect to the Property for a period of at least two years pursuant to 11 U.S.C. § 362(d)(4)(B).

24.     Additionally, the account remains contractually due for the February 1, 2008 payment and post-petition due for the August 1, 2022 payment, and for each subsequent payment thereafter. Therefore, relief from stay is also warranted for cause pursuant to 11 U.S.C. § 362(d)(1). A copy of the EDNY worksheet is attached as **Exhibit E**.

25.     Similarly, relief pursuant to 11 U.S.C. § 362(d)(2) is appropriate because there is no equity in the Property, and it is not necessary for an effective reorganization of the Debtor. According to a Broker's Price Opinion obtained by the Movant, dated August 8, 2022, the property is valued at $890,000.00. As of August 13, 2022, the approximate payoff of Movant's Loan was $955,878.86. Thus, there is no equity in the Property available to the Debtor's bankruptcy estate. A copy of the Broker's Price Opinion is attached hereto as **Exhibit F.**

26.     Accordingly, grounds exist to vacate the stay in Debtor's case and Movant therefore requests that the automatic stay imposed under 11 U.S.C. § 362(a) be modified and terminated for cause in accordance with 11 U.S.C. §§ 362(d) to permit Movant to pursue its rights under the Mortgage and applicable law, including, without limitation, the commencement and consummation of a foreclosure action and/or eviction proceeding.

27.     Movant respectfully requests reasonable attorney fees in the amount of $1,050.00 and costs in the amount of $188.00.

## MOVANT IS ENTITLED TO A WAIVER OF THE STAY
## PROVISION OF FED. R. BANKR. PR. 4001(a)(3)

28.     Fed. R. Bank. Pr. 4001(a)(3) provides that "any order granting movant relief from an automatic stay . . . is stayed until the expiration of 14 days after the entry of the order unless the court orders otherwise."

29.     In light of the history of filings and the negative impact on Movant's lawful right to sell the Mortgaged Premises pursuant to the Final Judgment (*see* Exhibit B), no legitimate purpose could be served by staying the requested relief any longer. The debtor clearly has no intention of participating in the bankruptcy process and therefore should not reap its benefits. Therefore, Movant is entitled to a waiver of the stay provision of Fed. R. Bankr. Pr. 4001(a)(3).

WHEREFORE, it is respectfully submitted that this Court should grant Movant's Motion for Relief in all respects, along with such other and further relief as is deemed to be just, proper, and equitable

Dated: August 29, 2022
Garden City, New York

By: /s/
Richard Postiglione, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Movant
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
T: (212) 471-5100
F: (212) 471-5150