UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:                                                          Chapter 7

Ronald Greenberg,                                               Case No. 8-22-73435-las

                          Debtor.

------------------------------------------------------------x

ORDER GRANTING IN REM RELIEF FROM THE
AUTOMATIC STAY AND CLOSING BANKRUPTCY CASE

SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of the Chalet Series IV Trust ("Creditor"), filed a motion, dated December 27, 2022 (the "Motion"), for an order seeking (i) pursuant to 11 U.S.C. § 362(d)(4)[1] for *in rem* relief from the automatic stay with respect to real property known as 86 Sugar Maple Drive, Roslyn, New York 11576 (the "Property"), (ii) pursuant to § 362(d)(1)-(d)(2) for relief from automatic stay for cause, (iii) waiver of the 14 day stay pursuant to Bankruptcy Rule 4001(a)(3), and (iv) reasonable attorney's fees and costs. Due and proper notice of the Motion was made on all necessary parties. On January 20, 2023, the Court entered an order dismissing this case pursuant to § 521(i) but retaining jurisdiction to hear and determine the Creditor's request for *in rem* relief.

The Court held telephonic hearings on the Motion on February 7, 2023 and February 9, 2023 at which Richard Postliglione of Friedman Vartolo LLP appeared on behalf of the Creditor and Ronald Greenberg (the "Debtor") appeared *pro se*. There was no written opposition to the Motion.

Pursuant to § 362(d)(4), the court can grant *in rem* relief from the automatic stay with respect to a secured creditor's interest in real property if the court finds "the filing of the

---

[1] All statutory references to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., will hereinafter be referred to as "§ (section number)."

1

petition was part of a scheme to delay, hinder, or defraud creditors that involved . . . multiple filings affecting such real property." 11 U.S.C. § 362(d)(4)(B). If recorded in compliance with applicable state laws governing notices of interest or liens in real property, an *in rem* order shall be binding in any subsequent bankruptcy filing purporting to affect the real property for two (2) years from the entry of such order. *Id.* The creditor bears the burden of proof that the multiple bankruptcy filings are part of a "scheme to hinder, delay [or] defraud." *In re Montalvo*, 416, B.R. 381, 386 (Bankr. E.D.N.Y. Oct. 5, 2009). "The timing and sequencing of the filings [are] also significant. . . . The uncontroverted record and lack of any good faith prosecution of these cases allow [the] Court to draw a permissible inference and find that the instant petition was part of a scheme of the [d]ebtor to delay, hinder, and defraud" creditors. *Id.* at 387 (inferring the existence of a scheme on the part of the debtor to delay, hinder or defraud creditor as set forth under § 362(d)(4) where there were six bankruptcy filings, each of which were filed on the eve of or shortly before significant events affecting the real property); *see also In Richmond*, 513 B.R. 34, 38 (Bankr. E.D.N.Y. 2014) ("A bankruptcy court can infer an intent to hinder, delay, and defraud creditors from the fact of serial filings alone without holding an evidentiary hearing.") (internal quotations and citations omitted).

Here, there has been a total of ten bankruptcy filings affecting the Property. The first bankruptcy case, Case No. 13-11093-mkv ("First Bankruptcy Case"), was filed under chapter 7 of the Bankruptcy Code by Marshall Greenberg ("Marshall") on April 9, 2013 before the U.S. Bankruptcy Court for the Southern District of New York ("SDNY Bankruptcy Court"). On April 10, 2013, the Debtor also filed for chapter 7 relief under Case No. 13-11115-mkv ("Second Bankruptcy Case") before the SDNY Bankruptcy Court. Marshall and the Debtor both received a discharge on July 12, 2016 in the First Bankruptcy Case and Second Bankruptcy Case, respectively.

A Judgment of Foreclosure and Sale with respect to the Property was entered on March 27, 2017 by the Supreme Court of the State of New York, County of Suffolk under Index No. 9188-08. Marshall then filed for relief under chapter 13 of the Bankruptcy Code on July 6, 2017, Case No. 17-74088-las ("Third Bankruptcy Case"), before this Court. The Third Bankruptcy Case was automatically dismissed on August 21, 2017 pursuant to § 521(i) for failure to file the required documents. The Debtor then filed for relief under chapter 13 of the Bankruptcy Code on April 9, 2018, Case No. 18-72337-las ("Fourth Bankruptcy Case"). The Fourth Bankruptcy Case was dismissed on May 15, 2018 due to the Debtor's failure to provide an acceptable photo identification. A foreclosure sale was then scheduled for September 25, 2018. On September 24, 2018, the Debtor filed for relief under chapter 13 of the Bankruptcy Code, Case No. 18-76403-las ("Fifth Bankruptcy Case"). The Fifth Bankruptcy Case was dismissed on October 23, 2018 due to the Debtor's failure to provide an acceptable photo identification.

A foreclosure sale was rescheduled for January 29, 2019. On January 28, 2019, Marshall filed for relief under chapter 13 of the Bankruptcy Code, Case No. 19-70683-las ("Sixth Bankruptcy Case"). The Sixth Bankruptcy Case was automatically dismissed on March 15, 2019 pursuant to § 521(i) for failure to file the required documents. A foreclosure sale was rescheduled for July 9, 2019. On July 3, 2019, Marshall filed for relief under chapter 13 of the Bankruptcy Code, Case No. 19-74783-las ("Seventh Bankruptcy Case"). The Seventh Bankruptcy Case was automatically dismissed on August 19, 2019 pursuant to § 521(i) for failure to file the required documents. A foreclosure sale was rescheduled for February 4, 2020. On February 3, 2020, the Debtor filed for relief under chapter 13 of the Bankruptcy Code, Case No. 20-70721-las ("Eighth Bankruptcy Case"). The Eighth Bankruptcy Case was automatically dismissed on March 20, 2020 pursuant to § 521(i) for failure to file the required

documents. Soon thereafter, a moratorium on foreclosures was imposed by the federal and state governments due to the COVID-19 pandemic.

After the end of the foreclosure moratorium, a foreclosure sale was rescheduled for July 14, 2022. On the same day, the Debtor filed for relief under chapter 7 of the Bankruptcy Code, Case No. 22-71752-las ("Ninth Bankruptcy Case"). The Ninth Bankruptcy case was automatically dismissed on August 29, 2022 pursuant to § 521(i) for failure to file the required documents. A foreclosure sale was rescheduled for December 6, 2022. On December 5, 2022, the Debtor filed this current case seeking relief under chapter 7 of the Bankruptcy Code, Case No. 22-73435-las ("Tenth Bankruptcy Case"). As discussed above, this Tenth Bankruptcy Case was automatically dismissed on January 20, 2023 pursuant to § 521(i) for failure to file the required documents.

Eight of the bankruptcy petitions seeking to impose the automatic stay with respect any foreclosure sale of the Property were filed after entry of the Judgment of Foreclosure and Sale on March 27, 2017. Two of these petitions were dismissed within weeks of filing due to the failure to provide an acceptable photo identification. The last six petitions were filed days before or on the day of a scheduled foreclosure sale of the Property and all were automatically dismissed under § 521(i) as a result of the debtor's failure to prosecute the bankruptcy cases. At no time did Marshall and the Debtor sought to reorganize their debts, including the mortgage debt owed to the Creditor. After considering the relief requested in the Motion and the ten bankruptcy filings affecting the Property, the Court finds that Creditor has adequately demonstrated that the filing of the Debtor's above captioned chapter 7 case was part of a scheme to hinder, delay, or defraud the Creditor as set forth under § 362(d)(4) by preventing the Creditor from its rights to and remedies in the Property.

4

For the reasons set forth on the record at the February 7, 2023 hearing, and after due deliberation, it is hereby

ORDERED that Creditor's request under § 362(d)(4) for *in rem* relief from the automatic stay is granted as provided herein; and it is further

ORDERED that, provided that this Order is recorded in conformity with applicable State laws governing notices of interests or liens in real property, this Order vacating the automatic stay as to Creditor's interest in the Property shall be binding in any other case filed under the Bankruptcy Code purporting to affect the Property that is filed not later than two (2) years after the date of this Order, such that the automatic stay under § 362(a) shall not apply to Creditor's interest in the Property, except that a debtor in a subsequent case under the Bankruptcy Code may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing; and it is further

ORDERED that the Clerk's Office close this bankruptcy case after entry of this Order.



Dated: February 10, 2023
Central Islip, New York

_____
**Louis A. Scarcella**
**United States Bankruptcy Judge**